*1143 The opinion of the Court was delivered by
Beksiüdez, C. J.
This is an application for a prohibition, coupled with a certiorari.
The complaint is, that the City Judge, whose jurisdiction is limited to one hundred dollars, has exceeded the bounds thereof, in a suit for the. expulsion of a tenant, who had alleged to hold a lease to the premises, the yearly rent of which exceeds that sum.
The Respondent has made an elaborate return, to show that he had jurisdiction over the case, and that his judgments overruling the defense to his jurisdiction and ejecting the defendant, are correct, as the latter held no lease and was merely a tenant by the month, paying ten dollars monthly rent.
In the exercise of the plenary powers of control and supervision, conferred upon it by Article 90 of the Constitution, this Court will not lightly interfere with the action of inferior courts on questions of jurisdiction, where such do not appear on the face of the papers, but are determined by the value of the matter in dispute, to be ascertained by evidence on the subject. It is only in cases of glaring abuse of a legal discretion on such issues that it will interpose its authority. We find no enormity in the case before us.
The pleadings show that the defendant, ivlio was represented by the plaintiff as a tenant by the month for a small sum, has both by exception and by answer, alleged himself as holding a lease to the premises, from which he is sought to be expelled, the yearly rent whereof was one hundred and twenty dollars.
The question then presented is : Whether on this mere allegation, the City Judge, was bound to dismiss the suit for want of jurisdiction.
Section 2156 of the R. S., reads :
“ Whenever the monthly or yearly rent paid by the tenant., or the lease which he shall allege to hold, shall exceed one hundred dollars, then the summary proceedings * * * * for the possession of the leased property, shall be instituted and carried on, before any Parish or District Court having competent jurisdiction,” etc.
The Statute is clearly that if the lease which the tenaut alleges to hold, shall (be found to) exceed one hundred dollars, the proceedings shall be before a court of superior jurisdiction.
It is an indisputable proposition that where a question of law can be determined only after a question of fact has been investigated and settled, the court which is called upon to solve the former, must necessarily pass primarily on the latter. Such investigation is an irresistible condition precedent.
The Statute quoted authorizes the inferior Judge, before whom an expulsion suit is brought, to enquire into the correctness of the allega *1144 tion of the defendant, where the latter alleges a monthly rent or an annual lease, under which more than one hundred dollars are to he paid. It distinctly says : If the lease alleged “shall exceed.’'’ Whether it exceeds or not the amount stated, is a question to be decided, not by the defendant, but by the court. The defendant must allege and prove and the court must decide, maintaining or declining jurisdiction, according to the proof administered.
If the mere averment of a defendant, sued for the possession of rented or leased property, that the rental exceeds one hundred dollars, were sufficient to defeat jurisdiction, the natural and unreasonable sequence would be, that previous to bringing an ejectment suit, before the court, to which it would properly belong, a plaintiff should institute the proceeding before a court of different powers and have it to decide that it has no jurisdiction over the case, but that another court has. This is simply an absurdity^ destructive of the object of the Act. Whether the rent to be paid, under an alleged lease, monthly or yearly, exceeds one hundred dollars, is a question legally within the jurisdiction of a City Court. To that end it may hear evidence and pass judgment.
It is, therefore, ordered and decreed, .that the restraining order herein made in limine be rescinded, and that the petition for a prohibition be refused at the cost of Relator.
Fenner, J., dissents.